**Clinton SMITH, Plaintiff,**

v.

**Constance HORNER, Director, United States Office of Personnel Management, Defendant.**

**Civ. A. No. 84–1032.**

United States District Court, District of Columbia.

May 19, 1986.

Lorraine B. Pratte, Washington, D.C., for plaintiff.

Asst. U.S. Atty., Deborah Robinson, Office of the U.S. Atty., Civil Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 41(b), on the ground that plaintiff had elected to have all matters relating to this action heard by the United States Court of Appeals for the Federal Circuit.[1] Upon careful consideration of the pleadings, and the entire record herein, the Court concludes that dismissal of this action is not appropriate; therefore, the motion to dismiss is denied.

### Background

Plaintiff, Clinton Smith, filed a Title VII complaint herein on April 3, 1984, alleging that the denial of his application for disability retirement benefits by the Office of Personnel Management (OPM), his former employing agency, was a violation of Section 704(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a) (1982). Plaintiff alleges in this action that the denial of his disability claim was an act of retaliation taken by the OPM because of plaintiff's enforcement of the civil rights laws while he held the position of Director of Equal Employment Opportunity (EEO) at the Civil Service Commission and its successor, the OPM.

Before filing this action challenging the denial of benefits as a retaliatory action, plaintiff administratively appealed the denial on the grounds of incorrect application of the proper disability standards. Plaintiff sought disability retirement on March 1, 1979, because of the symptoms of hypertension that he experienced. By letter dated June 21, 1979, plaintiff was notified that his application was denied and, on November 1, 1979, that decision was sustained by the OPM upon reconsideration. On April 11, 1980, the Merit Systems Protection Board (MSPB) affirmed the decision of the OPM. In May 1980, plaintiff appealed the MSPB decision to the United States Court of Appeals for the District of Columbia Circuit but, in August 1980, before argument, the matter was remanded at the request of the Government after it conceded that it had applied the wrong standard to his application. On July 21, 1981, plaintiff was notified that his application again was denied. Plaintiff appealed the denial of his application to the MSPB and, again, it was affirmed. In October 1983, plaintiff appealed the MSPB's decision to the United States Court of Appeals for the Federal Circuit. The Federal Circuit dismissed his appeal, ruling that the matter was committed to agency discretion and not subject to judicial review, 727 F.2d 1117. Recently, the Supreme Court, — U.S. —, 105 S.Ct. 1834, 85 L.Ed.2d 135, remanded the case to the Federal Circuit for reconsideration in light of its decision in *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). The Federal Circuit affirmed the MSPB's decision on January 27, 1986, 790 F.2d 91.

Plaintiff first complained of reprisal, the allegation in this action, in a memorandum to the Chairman of the Civil Service Commission in September 1977 in which he alleged reprisal while he was Director of the Commission's EEO office. In November 1979, plaintiff filed the first formal charge of reprisal with the agency's EEO office, alleging that he was the victim of a series of actions taken against him, culminating in the denial of his disability retirement

---

**1.** Due to a clerical error, the Court originally granted defendant's motion as unopposed on January 8, 1986. Upon learning of the error and the timely filing of an opposition by plaintiff, the Court vacated that Order on January 16, 1986.

application. In November 1980, plaintiff requested that his reprisal complaint be referred out of the EEO office for investigation. In early March 1984, plaintiff was advised, through counsel, that the OPM had no intention of processing his reprisal complaint. Construing that notice as evidence of the exhaustion of his administrative remedies, plaintiff initiated this action.

### Discussion

Defendant filed the pending motion to dismiss before the Federal Circuit had heard argument on plaintiff's appeal of the MSPB's affirmance of the denial of disability benefits. Defendant argued that because of the jurisdictional requirements of the Federal Circuit under 28 U.S.C. § 1295(a)(9) (1982), which provides the Federal Circuit with exclusive jurisdiction of "an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to Section 7703(b)1 ... of Title 5," plaintiff had elected to have all matters involving the denial of benefits heard by the Federal Circuit; therefore, this Court should dismiss the Title VII action.

Section 7703(b)(1) of Title 5 provides that "[e]xcept as provided in paragraph (2) of this subsection [5 U.S.C. § 7703(b)(2)], a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." Section 7703(b)(2) provides that "[c]ases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16(c))...." Section 7702 defines the types of "cases of discrimination" which are excluded from the jurisdiction of

the Federal Circuit.[2] Discrimination cases filed under 42 U.S.C. § 2000e–16(c), among the other listed sections, are brought in the United States District Courts and the employee or applicant has "the right to have the facts subject to trial de novo by the reviewing court." 5 U.S.C. § 7703(c). A case under § 7702 must involve a specific type of action against an employee which may be appealed to the MSPB and an allegation in the nature of an affirmative defense that a basis for the action was discrimination within one of § 7702's categories. *Williams v. Dep't of the Army*, 715 F.2d 1485, 1487 (Fed.Cir.1983) (en banc). Cases falling within § 7702 have been termed "mixed," which must be understood as discrimination mixed with an appealable action. Under § 7702, an employee may challenge an adverse action on non-discrimination and discrimination grounds or solely on discrimination grounds. *Id.* at 1487 n. 3.

In *Williams*, the plaintiff had appealed his removal from the Department of the Army to the MSPB and, upon affirmance of the Department's decision, he appealed his removal on non-discrimination issues to the Federal Circuit and simultaneously asked for a de novo review of discrimination issues in the District Court. The Federal Circuit concluded that Congress intended, and policy considerations dictated, a unitary, rather than bifurcated, review of an MSPB decision involving an adverse personnel action. *Id.* at 1488, 1490. In *Williams*, the court held that in "mixed" cases an employee may not split his discrimination claims and non-discrimination claims and have the former heard by the District Court and the latter heard by the Federal Circuit. In other words, where jurisdiction

---

2. These "cases of discrimination" are described by § 7702 as follows:

(a)(1) ... the case of any employee or applicant for employment who—

(A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and

(B) alleges that a basis for the action was discrimination prohibited by—

(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),

(ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d))

(iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

(iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

(v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph.

lies in the District Court under 5 U.S.C. § 7703(b)(2) (discrimination claims), the entire action falls within the jurisdiction of that District Court, and the Federal Circuit has no jurisdiction under 5 U.S.C. § 7703(b)(1) over such cases. *Id.* at 1490–91. The Federal Circuit transferred Williams' non-discrimination claims to the District Court.

In accordance with *Williams,* the Federal Circuit now has a procedure by which a claimant before it attests that his appeal involves no claim of discrimination and that no other suit has been filed in any other court challenging the decision of the MSPB challenged on appeal. If a claim of discrimination is made, the case is transferred to a District Court. Plaintiff signed such a form on November 22, 1985.

Defendants, in their motion, argue that because plaintiff stated he had no discrimination claim, he elected to have the Federal Circuit hear all matters in his appeal of the denial of benefits. In opposition, plaintiff argues that *Williams* is to be strictly construed as to apply only to discrimination claims. Because plaintiff is alleging reprisal as the cause of the denial, and not discrimination, plaintiff argues he should be allowed this bifurcated review. It appears that the parties argued this point before the Federal Circuit and defendant asked that court to dismiss the action before it. Based on the fact that plaintiff had signed the form discussed above, the Federal Circuit concluded that the record was too amorphous to apply *Williams.* The court

considered the merits of the appeal and affirmed the MSPB's decision.

The Federal Circuit declined to dismiss the appeal before it, and this Court will not undertake to define the proper limits of the Federal Circuit's jurisdiction. Therefore, whether or not a bifurcated review is the correct procedure in this case, this Court will not deny plaintiff his opportunity to pursue the merits of his reprisal claim. Accordingly, the Court denies defendant's motion to dismiss.

However, that decision does not end the discussion, as the Federal Circuit's affirmance of the MSPB's ruling does significantly limit what survives in this case. Also, the Court notes that plaintiff's positions before the Federal Circuit and in his opposition to the motion to dismiss have been, to say the least, incompatible.[3]

Plaintiff signed the Federal Circuit form stating that he had not filed a suit in any other court challenging the decision of the MSPB challenged on that appeal. The Court takes this to mean that plaintiff is challenging here the original decision (and subsequent decision on remand) by the OPM to deny the application for benefits. However, the MSPB decision which plaintiff challenged in the Federal Circuit was affirming that very same OPM denial. Plaintiff was subject to only one adverse personnel action—the denial of disability benefits. Also, plaintiff is seeking the same relief here as in the Federal Circuit action—the awarding of disability benefits. Therefore, whatever semantics plaintiff chooses to employ, there is no other conclu-

**3.** Plaintiff also presents incompatible, if not disingenuous, positions with regard to the type of review available in a reprisal challenge to an MSPB ruling. Plaintiff argues that *Williams* does not preclude bifurcated review of the denial of his claim for disability benefits because only "cases of discrimination" are precluded from Federal Circuit jurisdiction and his claim is one of reprisal. However, in order for this Court to maintain jurisdiction over this action at all, a reprisal claim must indeed fall within the "cases of discrimination" category of § 7702, because it is only for those classes of cases that a plaintiff has the right to have the facts subject to review de novo by the District Court. Reprisal claims do fall within this cate-

gory, as courts have recognized that: "[i]n enacting [42 U.S.C.] § 2000e–16, Congress intended to, and did incorporate into that section the provisions of the Civil Rights Act prohibiting harassment or retaliation...." *Ayon v. Sampson,* 547 F.2d 446, 450 (9th Cir.1976). *See Sorrells v. Veterans Administration,* 576 F.Supp. 1254, 1259 (S.D.Ohio 1983); *De Medina v. Reinhardt,* 444 F.Supp. 573, 580 (D.D.C.1978). Plaintiff, on one hand, has asserted that reprisal is not a "case of discrimination" in order to maintain Federal Circuit jurisdiction, and on the other hand must implicitly assert that reprisal is such a case in order to maintain his action before this Court.

sion but that plaintiff did file suit in another court challenging the denial. Given that conclusion, it is clear that the Federal Circuit already has reviewed many aspects of this same case. Consequently, this Court must take the Federal Circuit's decision on those aspects as res judicata in this action.

What issues are left for this Court to review? Plaintiff's application to the OPM was for disability retirement benefits. Under 5 U.S.C. § 8347(c), the OPM determines questions of disability and dependency. That section provides that decisions of the OPM concerning those matters are final and conclusive and are not subject to review. The only route of appeal of an MSPB decision is to the Federal Circuit pursuant to 5 U.S.C. § 7703(b)(1). The only exception to this route is for "cases of discrimination" under 42 U.S.C. § 2000e–16(c) a in District Court which gives de novo review to the facts. § 7703(c).

Because of the finality provision of § 8347(c) for disability determinations, the Federal Circuit initially had concluded that it had no jurisdiction to review disability claims such as plaintiff's. However, the recent Supreme Court decision in *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), held that § 8347(c) only precludes review of the factual underpinnings of disability determinations. The Court held that the Federal Circuit did have jurisdiction to review the MSPB decision to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* at 1633 (quoting *Scroggins v. United States*, 397 F.2d 295, 297, *cert. denied*, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)).

The Federal Circuit decision in plaintiff's appeal dealt with those potential procedural errors set forth in *Scroggins.* The Federal Circuit concluded that there were no procedural errors by the MSPB and upheld the MSPB's decision which had concluded that the OPM's denial of benefits was cor-

rect. *Smith v. Office of Personnel Management*, 790 F.2d 91, Slip op. at 3. (Fed.Cir.1986). That decision is res judicata on those issues for this Court. The only issue not yet reviewed and apparently the only issue left for this Court to give de novo review to, is whether the medical evidence met what the Federal Circuit concluded was the proper statutory standard for awarding of disability benefits. As the Federal Circuit concluded, the MSPB "applied the proper statutory standard" and "there were no procedural errors by the Board." (Slip op. at 3.)