**Clinton SMITH, Plaintiff,**

v.

**Constance HORNER, Director, United States Office of Personnel Management, Defendant.**

Civ. A. No. 84–1032.

United States District Court, District of Columbia.

Sept. 22, 1986.

Joseph M. Sellers, Washington Lawyers' Committee for Civil Rights under Law, Patricia A. McCoy, Marc Gary, Washington, D.C., for plaintiff.

Deborah A. Robinson, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion for clarification of the Court's Memorandum Opinion of May 19, 1986, in this action. 635 F.Supp. 323. (The Order accompanying that Memorandum Opinion denied defendant's motion to dismiss.) In that Memorandum Opinion, the Court made a less than satisfactory tentative identification of the issue which was "apparently the only issue left for this Court to give de novo review to" (635 F.Supp. at 327) in plaintiff's Title VII action as a result of the United States Court of Appeals for the Federal Circuit's affirm-

ance of the MSPB's denial of plaintiff's claim for disability benefits.[1]

The Court agrees with defendant that its Memorandum Opinion contained an internal inconsistency on a question which had not been addressed specifically by the parties. Accordingly, it clarifies its Memorandum Opinion of May 19, 1986, in the following manner: the issue left for this Court to review is not whether the medical evidence met what the Federal Circuit concluded was the proper standard for awarding disability benefits, as such a review is precluded by 5 U.S.C. § 8347(c).[2] Rather, plaintiff's claim of reprisal is the sole issue that plaintiff has a right to have this Court review pursuant to 5 U.S.C. § 7703(c).

The inconsistency which was present in the Court's May 19, 1986, Memorandum Opinion resulted from the highly unusual circumstances presented by this case. Plaintiff claims herein that the denial of his disability benefits was an act of reprisal by defendant. Plaintiff proceeds in District Court under 5 U.S.C. § 7703(c), which provides in part that "in the case of discrimination ... the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court."[3] Plaintiff also had appealed the MSPB's denial of his claim for disability benefits to the Federal Circuit, which reviewed "whether there [had] been a substantial departure from important procedural rights, a misconstruing of the governing legislation, or some like error 'going to the heart of the administrative determinations.'" *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 105 S.Ct. 1620, 1633, 84 L.Ed.2d 674 (1985) (quoting *Scroggins v. United States,* 397 F.2d 295, 297 (Ct.Cl.), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)). The Federal Circuit concluded there had been no such error. The Federal Circuit did not review

---

1. *Smith v. Office of Personnel Management,* App. 790 F.2d 91 (Fed.Cir.1986).

2. In its earlier Memorandum Opinion, this Court noted that "§ 8347(c) only precludes review of the factual underpinnings of disability determinations." 635 F.Supp. at 327.

3. The Court previously held that reprisal cases under § 704(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a) (1982), fall within the "cases of discrimination" category of 5 U.S.C. § 7702. *See Smith v. Horner,* 635 F.Supp. at 326 n. 3.

the factual underpinnings of the disability determination, because it was precluded from doing so by 5 U.S.C. § 8347(c), which provides: "The Office [of Personnel Management] shall determine questions of disability and dependency arising under this subchapter. The decisions of the Office concerning these matters are final and conclusive and are not subject to review." The Supreme Court in *Lindahl* discussed § 8347(c) and concluded that the statute, while precluding judicial review of the factual underpinnings of § 8347 disability determinations, does allow review of procedure of the type described above. 105 S.Ct. at 1627, 1633.

Plaintiff's Title VII action alleges that the denial of his disability claim was an act of reprisal; therefore, plaintiff argues, the Court must look at all of the facts de novo. However, the Court is faced with the specific statutory prohibition of § 8347(c), affirmed by the Supreme Court in *Lindahl,* that the factual underpinnings of disability determinations are not subject to judicial review.[4] The Court must accede to "the fundamental maxim of statutory construction that the terms of a more specific statute take precedence over those of a more general statute where both statutes speak to the same concerns." *Union of Concerned Scientists v. Nuclear Regulatory Comm'n,* 711 F.2d 370, 381 (D.C.Cir.1983) (citing *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980)).

Plaintiff argues that this Court should follow *Rosenfeld v. Department of Army,* 769 F.2d 237 (4th Cir.1985). In *Rosenfeld,* plaintiff, a 64–year-old maintenance mechanic for the Army, brought an action in the United States District Court under the Age Discrimination in Employment Act (ADEA) alleging that he had been involuntarily retired under § 8347(c), and that he had been denied a requested transfer because of his age or in reprisal for a prior discrimination charge.[5] The disability determination had no judicial review. *Id.* at 242. The Fourth Circuit noted that Title VII and ADEA claims receive de novo review of the facts, and held that § 8347(c) could not be used to collaterally preclude litigation of a discrimination action under the ADEA. *Id.* at 242. The Court remanded to the District Court for a determination of whether any genuine issue of material fact existed.

This Court declines to reach a result comparable to that in *Rosenfeld.* The *Rosenfeld* court stated in a footnote: "Had judicial review of the Commission's decision been available, and the disability determination been affirmed on the merits by a federal court, a different question would be presented." *Id.* at 241 n. 3. In the instant case, the administrative proceedings finding plaintiff ineligible for disability retirement benefits have been reviewed and affirmed by the Federal Circuit. Plaintiff in this case already has received judicial review of the denial of his disability claim, and the type of review that he received is the only type that is available to him. The Supreme Court's opinion in *Lindahl* focused on whether Congress intended to preclude judicial review of legal and procedural errors potentially made in administrative denials of disability benefits under § 8347(c), and concluded that Congress did

---

**4.** Defendant describes the "factual underpinnings" as involving more than weighing just medical evidence. An applicant for disability retirement must show either an actual service deficiency directly attributable to a medical condition or that there is some medically warranted reason to restrict the individual from critical tasks or duties of the job or from the job altogether.

**5.** Rosenfeld was involuntarily retired on a finding of mental disability by the Civil Service Commission. (Congress amended § 8347(c) in 1978, transferring the functions of the Commission in determining disability and dependency questions to the Office of Personnel Management.) Subsequent to the Commission's finding, Congress amended § 8347(c) to allow judicial review of involuntary disability retirement based on an individual's mental condition, pursuant to 5 U.S.C. § 7703. *See* 5 U.S.C. § 8347(d). The amendment, which would have covered Rosenfeld's case, only applied, however, to administrative decisions made on or after January 1, 1981. *Rosenfeld,* 769 F.2d at 241. Thus, the claims of Rosenfeld and the plaintiff in our case were both subject to the finality provisions of the current § 8347(c).

not intend to preclude that type of review. 105 S.Ct. at 1628–33. The *Lindahl* opinion does not express any doubt that Congress intended § 8347(c) to preclude judicial review of factual determinations made by the Office of Personnel Management. *Id.* at 1628, 1633. Due to that Congressionally imposed finality provision, this Court is not free to review those factual determinations even when they are sought to be presented in the context of a Title VII claim.[6]

Accordingly, the Court grants defendant's motion. The Court clarifies its Memorandum Opinion and the accompanying Order of May 19, 1986, in this case to provide that plaintiff may obtain judicial review in this Court only of his claim of reprisal brought pursuant to § 704(a) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–3(a). An appropriate Order to this effect accompanies this Memorandum Opinion.

In conclusion, the Court recognizes, as intimated by plaintiff on the first page of his opposition to defendant's motion, that this may well place plaintiff in the apparently anomalous position of having a theoretical potential remedy with no potential relief (*i.e.,* plaintiff seeks disability benefits only, and it appears that the Court would be precluded by the prior proceedings and by statute from awarding plaintiff the relief he seeks if plaintiff were to prevail on his reprisal claim). That anomaly, however, is not the fault of the Court, defendant, or the controlling statutes and precedent. Rather, it is the consequence of a series of tactical judgments exercised by plaintiff and/or his counsel in the course of this exceptionally protracted litigation, with the portion in this Court being but a small part thereof. The Court shall await the parties' positions as to the future course of this case, to be received first at a status call which will be scheduled soon.

### ORDER

Upon consideration of defendant's motion for clarification, plaintiff's opposition thereto, the two reply pleadings, and the entire record herein, it hereby is

ORDERED, that defendant's motion is granted. It hereby further is

ORDERED, that the Memorandum Opinion and accompanying Order of May 19, 1986, are clarified to provide that plaintiff may obtain judicial review in this Court only of his claim of reprisal brought pursuant to § 704(a) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–3(a).

SO ORDERED.

---

6. The situation presented to the Court is one in which the general statute granting Title VII litigants a trial de novo conflicts with another statute proscribing judicial review of specified factual issues, and plaintiff already has enjoyed judicial review of all reviewable issues surrounding the challenged decision. Other Supreme Court cases cited by plaintiff are not helpful in that they do not deal with the situation now presented to this Court. *See, e.g., University of Tennessee v. Elliott,* — U.S. —, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims); *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) (private employee's right to de novo review of Title VII claim was not precluded by prior submission of the same claim to a final, binding arbitration under the non-discrimination clause of a collective bargaining agreement); *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1649, 48 L.Ed.2d 416 (1976) (federal employee whose discrimination claim was rejected by her employing agency was entitled to a trial de novo in federal court on her Title VII claim).