Clinton SMITH, Plaintiff,

v.

Constance HORNER, Director, United States Office of Personnel Management, Defendant.

Civ. A. No. 84–1032.

United States District Court, District of Columbia.

May 19, 1987.

Lorraine B. Pratte, Marc Gary, Patricia A. McCoy, Washington, D.C., for plaintiff.

Deborah Robinson, Asst. U.S. Atty., Washington, D.C., for defendant.

STANLEY S. HARRIS, District Judge.

## MEMORANDUM OPINION

The Court has written two prior opinions in this case, and gives citations to them rather than repeating background facts which are not relevant at this point. 645 F.Supp. 97 (D.D.C.1986); 635 F.Supp. 323 (D.D.C.1986). Now before the Court is plaintiff's motion for an order certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which has been opposed by defendant.

Plaintiff continues to challenge the denial of disability retirement benefits. As well as this Court can now determine, plaintiff's quest has taken him to the Merits System Protection Board twice, the United States Court of Appeals for the District of Columbia Circuit once, the Supreme Court of the United States once, and the United States Court of Appeals for the Federal Circuit twice. All efforts to obtain relief on the merits have been rejected. In this Court, alleging reprisal under Title VII of the Civil Rights Act of 1964, plaintiff seeks afresh to challenge the denial of disability benefits.

In its second opinion in this case, this Court concluded

that this may well place plaintiff in the apparently anomalous position of having a theoretical potential remedy with no potential relief (i.e., plaintiff seeks disability benefits only, and it appears that the Court would be precluded by the prior proceedings and by statute from awarding plaintiff the relief he seeks if plaintiff were to prevail on his reprisal claim). [645 F.Supp. at 100.]

The Court went on to state:

That anomaly, however, is not the fault of the Court, the defendant, or the controlling statutes and precedent. Rather, it is the consequence of a series of tactical judgments exercised by plaintiff and/or his counsel in the course of this exceptionally protracted litigation, with

the portion of this Court being but a small part thereof. [*Id.*]

The Court had considerable difficulty envisioning how any future proceeding in this forum would be conducted, given the extremely unique posture of the case. That is, compensatory (and punitive) damages are not available under Title VII, and plaintiff has received all of the reviews of the denial of his disability benefits to which he is entitled. Accordingly, the second opinion concluded with the following invitation for suggestions from counsel: "The Court shall await the parties' positions as to the future course of this case...."

Plaintiff's response was to request certification for an interlocutory appeal. After careful analysis, however, the Court concludes that the only appropriate action at this point is dismissal as the Court lacks jurisdiction over the subject matter of this action because no actual controversy exists.

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 37, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976). *See also, e.g., Safir v. Dole*, 718 F.2d 475 (D.C.Cir.1983). The Court may not gratuitously exercise its remedial powers; the Court has jurisdiction only when the plaintiff has shown that his alleged injury is likely to be redressed if the requested relief is granted. *Simon*, 426 U.S. at 38, 96 S.Ct. at 1924.

Plaintiff's alleged injury is that the defendant retaliated against plaintiff by denying plaintiff's disability retirement application. Plaintiff seeks, *inter alia*, (1) an order requiring defendant to pay plaintiff all back benefits owed plaintiff as a result of the allegedly improper denial of plaintiff's disability retirement application; (2) a declaration by the Court that the actions taken against plaintiff were retaliatory and violated Title VII of the Civil Rights Act of 1964; and (3) an injunction enjoining the defendant from retaliating against plaintiff in the future.

As the Court's previous decisions in this case state, the prior related proceedings and statutory law preclude the Court from awarding plaintiff the monetary relief he seeks.

As for plaintiff's prayer for a declaratory judgment, there is not a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969). The fact that plaintiff has retired and will not again apply for disability benefits from defendant precludes a finding that there is "sufficient immediacy and reality" here for the Court, in the exercise of its discretion, to consider issuing a declaratory judgment. *See id.*

As for plaintiff's request for injunctive relief, plaintiff has failed to establish the basic requisite for the issuance of equitable relief: the inadequacy of a remedy at law. Previous opinions of the Court have already traced the arduous lengths to which plaintiff has gone in an unsuccessful attempt to prevail on his legal remedy, namely, the payment of disability retirement benefits. The Court will not permit plaintiff to avoid the consequences of his failure to have obtained legal relief by allowing plaintiff to pursue his bid for monetary relief anew through equitable channels.

The Court concludes that no presently available relief would redress plaintiff's alleged injury. The Court, therefore, lacks jurisdiction over the subject matter of the action. Accordingly, the case is dismissed, and plaintiff's motion for an order certifying an interlocutory appeal is denied as moot.