Sylvester N. OTIJI, Plaintiff,

v.

Secretary I. Michael HEYMAN,
Smithsonian Institution,
Defendant.

Civil Action No. 97–1903 (JR).

United States District Court,
District of Columbia.

Dec. 18, 1998.

Michael Z.C. Okpala, Silver Spring, MD, for plaintiff.

Meredith Manning, Assistant U.S. Attorney, Washington, DC, for defendant.

## *MEMORANDUM*

ROBERTSON, District Judge.

Before the Court in this employment discrimination action is the motion of de-

fendant to dismiss because the complaint fails to allege an adverse personnel action or, alternatively, for summary judgment because plaintiff waived his discrimination claims when he appealed his case to the Federal Circuit after a final decision of the U.S. Merit Systems Protection Board ("MSPB").

Plaintiff's appeal to the MSPB set forth and repeated many times his claims of discrimination because of his race, color and national origin. The initial decision of the MSPB denied plaintiff's request for corrective action, and the Board subsequently denied his petition for review. Plaintiff was informed, by the MSPB order, that he had the right to request the United States Court of Appeals for the Federal Circuit to review the Board's final decision "if the Court has jurisdiction. *See* 5 U.S.C. § 7703(a)(1)." Def.'s Mot. Dismiss, or, in alternative, Sum.J., Ex. C at 2 (MSPB Order, June 22, 1998). Plaintiff did appeal to the Federal Circuit and, in the process, completed and signed a form entitled "Petitioner's Statement Concerning Discrimination." That form instructed the petitioner to select only one of the following statements, and not to alter or add to any of them:

_____ (1) No claim of discrimination by reason of race, sex, age, national origin or handicapped condition has been or will be made in this case.

_____ (2) Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before the employing agency or the Merit Systems Protection Board has been abandoned and will not be raised or continued in this or any other court.

_____ (3) The petition seeks review only of the Merit Systems Protection Board's dismissal of the case for lack of jurisdiction or for untimeliness.

Def.'s Mot. Dismiss or, in alternative, Sum. J., Ex. E (Petitioner's Statement Concerning Discrimination, Jul. 21, 1998). The form also directed the petitioner to answer questions:

Have you filed a discrimination case in a United States District Court? _____ In the Equal Employment Opportunity Commission? _____ If so, identify each case. Use extra sheets if needed.

*Id.*

Petitioner checked block number 1 and did not answer the questions. Although the case would be clearer if he had checked block number 2 (because he had in fact raised claims of race and national origin before the MSPB), I have no difficulty in finding that the block he actually did check, denying that any claim of discrimination by reason of race, sex, age, national origin or handicapped condition had been or would be made in this case, was a valid waiver of his right to proceed in U.S. District Court. To hold otherwise, especially where, as here, petitioner was represented by counsel, would be to encourage tactics "designed to circumvent the Federal Circuit's effort to prevent litigants from seeking, in this area of review of government personnel decision, 'two bites of the apple.' " *Smith v. Horner,* 846 F.2d 1521, 1524 (D.C.Cir.1988). Such tactics have been flatly disapproved by our Court of Appeals. *Id.*

Plaintiff's argument seems to be that, by *not informing* the Federal Circuit of his race and national origin claim, he avoided the necessity of choosing between proceeding in the Federal Circuit or going to District Court. That argument simply confirms the manipulativeness of the way plaintiff did fill out the form. Plaintiff's statement that "the Clerk of the Federal Circuit indicated that having filed the original statement, that Mr. Otiji is in compliance unless the respondent in that case files a motion to transfer the case to the United States District Court," Pl.'s Oppos. to Deft.'s Mot. Dismiss, Statement of Material Facts in Dispute at 3 ¶ 11, is hearsay. It is also, in view of the Federal

Circuit's careful management of so-called "mixed" cases, *see Williams v. Department of Army*, 715 F.2d 1485 (Fed.Cir. 1983), scarcely credible. In any event, if the Clerk made such a statement to petitioner or his counsel, it would be of no legal effect.