[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-14750

_____

D. C. Docket No. 01-02070-CV-CC-1

RICHARD CHAPPELL, SR.,

Plaintiff-Appellant,

versus

ELAINE L. CHAO, Secretary,
Department of Labor,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 28, 2004)

Before BIRCH, BARKETT and COX, Circuit Judges.

BARKETT, Circuit Judge:

Richard Chappell appeals the grant of summary judgment in favor of the

Department Of Labor (DOL) for lack of subject matter jurisdiction in this employment discrimination case. Chappell filed several administrative complaints against his supervisors in the Department of Labor alleging discriminatory treatment based on race and age, and retaliation for filing complaints on his own behalf and affidavits in support of other employees. When the Department of Labor's Equal Employment Office ruled against him, he appealed to federal district court. At the same time, he appealed his termination claim to the United States Court of Appeals for the Federal Circuit. The statutory scheme established by Congress for federal employees requires them either to combine their related employment discrimination and termination claims and pursue them in federal district court, or to appeal their termination claims to the Federal Circuit and waive any discrimination claims. Because Chappell elected to appeal his termination claim to the Federal Circuit, which disposed of it, and his discrimination and termination claims were based on the same facts, we affirm the dismissal of Chappell's suit in federal district court.

BACKGROUND

Chappell filed his first administrative complaint with the Department of Labor's Equal Employment Office (EEO) in March 1997, alleging disparate treatment based on race in violation of Title VII of the Civil Rights Act, 42 U.S.C.

2

§§ 2000e et seq. He claims that he was reassigned to another post shortly thereafter but given inadequate training and resources to perform satisfactorily at his new position. Over the next three years, he filed several additional complaints with the EEO, alleging discrimination based on race and age, as well as retaliation for filing previous EEO complaints and helping other employees with their complaints. In June 2000, he requested a hearing before an administrative law judge with the Equal Employment Opportunity Commission (EEOC).

While Chappell's EEO complaints were pending, he was placed on a Performance Improvement Plan (PIP) in January 2000. When he failed to meet the requirements of the PIP, he was terminated in July 2000. On July 28, 2000, although his discrimination claims were still being considered by the EEOC, Chappell filed a parallel appeal of his termination to the Merit Systems Protection Board (MSPB), an administrative agency that has jurisdiction over specified "adverse employment actions" affecting federal civil servants, including terminations, demotions, and suspensions. See 5 U.S.C. § 7512.[1] When a federal employee has been subject to one of these adverse actions, he is entitled to appeal to the MSPB. See 5 U.S.C. § 7513(d). Although the MSPB does not have

---

[1]Congress created the MSPB in 1978 as part of the Civil Service Act. See 5 U.S.C. § 1201 et seq. MSPB review of adverse employment actions was designed to protect federal employees from widespread politically motivated terminations whenever the party in power changed hands. See Sloan v. West, 140 F.3d 1255, 1258 (9th Cir. 1998).

3

jurisdiction over discrimination claims that are not related to adverse actions,[2] it can entertain appeals in "mixed cases," where an employee alleges a Title VII violation in relation to one of the specified adverse employment actions. See 5 U.S.C. § 7702; 29 C.F.R. § 1614.302; Sloan v. West, 140 F.3d 1255, 1259 (9th Cir. 1998).[3] In a mixed case, a final decision from the MSPB exhausts an employee's administrative remedies and allows him to seek judicial review. See McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995). In the MSPB appeal, Chappell challenged the fairness of the performance reviews and alleged that his termination was based in part on discrimination and retaliation for formal EEO complaints regarding the PIP.

Before the MSPB entered its order in his agency appeal of the termination, the EEOC, on May 1, 2001, found that Chappell had not made an adequate showing to establish his discrimination claims. Pursuant to 42 U.S.C. § 2000e-5(f)(1), which gave him the right to file a civil action in federal district court within

---

[2] Federal employees with Title VII claims that are not mixed with adverse actions within the MSPB's jurisdiction must file an initial complaint with their agency EEO to pursue their claims. See Sloan, 140 F.3d at 1259. After the employee exhausts administrative remedies, she may file a civil action in federal district court. See 42 U.S.C. § 2000e-5; E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002).

[3] Specifically, for a case to qualify as a mixed case appeal, an employee must "allege[] that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302.

4

90 days of a decision by the EEOC, Chappell filed an action in the Northern District of Georgia on August 3, 2001, which forms the basis of this appeal.

After Chappell filed this suit, the MSPB appeals board issued a final order upholding Chappell's termination on September 28, 2001. The MSPB order informed Chappell that he had three options for appeal: (1) He could seek EEOC review of his discrimination claims pursuant to 5 U.S.C. § 7702(b)(1); (2) He could file a civil action in federal district court on both his discrimination and his termination claims under 5 U.S.C. § 7703(b)(2); or (3) He could request the United States Court of Appeals for the Federal Circuit to review the termination decision, but he could only pursue this avenue if he did not seek review of his discrimination claims, because the Federal Circuit does not have jurisdiction to hear discrimination appeals. See 5 U.S.C. § 7703(b)(1)-(2).[4] Thus, according to the statutory scheme governing review of MSPB final orders, if a federal employee wants to pursue any type of discrimination claim on appeal, the employee must file a complaint in a federal district court, as the federal district court is the only forum in which an employee can appeal both parts of a mixed claim.

In November 2001, Chappell elected to appeal the MSPB decision

---

[4] See also Williams v. Dept. of the Army, 715 F.2d 1485, 1491 (Fed. Cir. 1983) ("[W]here jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action falls within the jurisdiction of that court and this court has no jurisdiction, under 5 U.S.C. § 7703(b)(1), over such cases.").

pertaining to his termination to the Federal Circuit. Upon filing a petition for review of an MSPB final order, the Federal Circuit requires the filing of a Statement Concerning Discrimination, which Chappell submitted through his attorney. To complete the form, he had to select one of five statements to describe his appeal. He checked a box in front of the following statement: "Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before the employing agency or the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court." Nothwithstanding the fact that the form itself strictly prohibited "alter[ing] or add[ing] to any of the statements," Chappell's attorney submitted the form with a line drawn through the words "or any other" between "this" and "court," so that the sentence read: "[a]ny claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before the employing agency or the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court." The attorney's initials were written below the crossed-out words.

In January 2002, while the Federal Circuit appeal of his termination was pending, Chappell attempted to amend his petition in the district court proceeding in Georgia, to add his termination claims to the existing discrimination suit. The

6

court rejected the attempt because Chappell never filed a motion for leave to amend. Although the court indicated that it would consider such a motion if Chappell wanted to file the petition again, Chappell never did so. Instead, Chappell moved the Federal Circuit to transfer his termination claims to the district court in Georgia. In July 2002, the Federal Circuit denied Chappell's motion, citing 28 U.S.C. § 1631, which permits transfer to a court in which the action could have been brought "at the time it was filed or noticed." Because the termination claim would have been untimely if filed in district court at the time of Chappell's motion to transfer, the Federal Circuit denied the transfer. Thereafter, the Federal Circuit dismissed Chappell's termination appeal on the merits. The DOL then moved for summary judgment on Chappell's discrimination complaint in the district court because it contained claims related to events already litigated in the Federal Circuit. The district court granted summary judgment in favor of the DOL, holding that it lacked subject matter jurisdiction over the case, and Chappell now appeals.

## DISCUSSION

Summary judgment decisions are reviewed *de novo*. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001). We may affirm the district court's decision for reasons different than those stated by the district court. See

Securities & Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 88 (1943) (stating that the decision of the lower court must be affirmed if the result is correct even though the lower court relied upon a wrong ground or gave a wrong reason); Lucas, 257 F.3d at 1256.

The Federal Circuit has held that a federal employee cannot split a mixed case into discrimination and non-discrimination claims in order to pursue two separate appeals from an MSPB final order. See Williams, 715 F.2d at 1490 (stating that "Congress did not direct or contemplate bifurcated review of any mixed case," and explaining that 5 U.S.C. § 7702, which gives the MSPB jurisdiction over mixed cases, reflects the understanding that in mixed cases, claims of adverse action and discrimination "will be two sides of the same question and must be considered together"). Once an employee appeals a discrimination claim to the district court, he or she may no longer go to the Federal Circuit to appeal related adverse action claims. See id. (dismissing adverse action claims because they could have been raised before the district court).

Similarly, the District of Columbia Circuit has held that an employee waives discrimination claims by appealing to the Federal Circuit after an MSPB ruling on a mixed appeal. In Smith v. Horner, 846 F.2d 1521, 1523 (D.C. Cir. 1988), the court held that an employee waived the right to pursue his Title VII claims in

8

district court when he rejected an opportunity to transfer his claims to the district court and misleadingly told the Federal Circuit that his "appeal involve[d] no claim of discrimination and no claim of discrimination was raised before the agency or before the [MSPB]," when he had a Title VII retaliation action pending in district court. The court also remarked that even aside from this waiver, "Smith could also be held precluded from litigating his Title VII claim because . . . . [he] had the *opportunity* to litigate both claims in a court of competent jurisdiction (here, the district court), but instead chose to split them." Id. at 1524 n.3. See also Otiji v. Heyman, 47 F.Supp.2d 6, 7 (D.D.C. 1998) (holding that an employee who had raised mixed claims before the MSPB and then appealed to the Federal Circuit waived his discrimination claims when he checked the first box on the Statement Concerning Discrimination, stating that "[n]o claim of discrimination . . . has been or will be made in this case").[5]

The Eighth Circuit has analogously found that, at the administrative level, an employee may waive discrimination claims by failing to include them in an MSPB appeal based on "similar issues arising out of overlapping facts." McAdams v.

---

[5] In both Smith and Otiji, the courts found it significant that the employees had attorneys. In Smith, the court noted that because the employee "was represented by counsel . . . his response appears designed to circumvent the Federal Circuit's effort to prevent litigants from seeking, in this area of review of government personnel decision, 'two bites at the apple.'" 846 F.2d at 1524. See also Otiji, 47 F.Supp.2d at 7.

9

Reno, 64 F.3d 1137, 1142-43 (8th Cir. 1995). In McAdams, a federal employee who was fired brought a sex discrimination action in district court and also appealed her demotion and termination to the MSPB. Id. at 1140-41. The district court dismissed her discrimination action, holding that the claims should have been included in her MSPB appeal. Id. at 1141. On appeal, McAdams argued that the district court should have heard her discrimination claims because they were unrelated to the discrimination claims she had raised before the MSPB. Id. at 1142. The Eighth Circuit rejected this argument, finding that all of her discrimination claims were based on the same underlying facts.[6] The court held that by electing to proceed with an appeal to the MSPB, rather than the EEOC, the employee had to bring all of her mixed claims there in order to exhaust her administrative remedies and have the right to sue in district court. See id. Because she did not, her discrimination claims were "abandoned" and could not be brought in district court. Id.

In this circuit we have not addressed this issue. However, we are persuaded by the Federal Circuit's interpretation of the governing statutory scheme, and agree

---

[6] "McAdams' demotion and removal appeals to the MSPB included allegations of sex discrimination and reprisal. She attached a copy of her EEO complaint to her demotion appeal. Her removal appeal also included attachments related to charges of discrimination. Moreover, her complaint in [the district court] action lists her demotion and removal as examples of the discriminatory actions taken against her." McAdams, 64 F.3d at 1142.

10

that the language, legislative history, and underlying policies of 5 U.S.C. § 7702

indicate that "Congress did not direct or contemplate bifurcated review of any

mixed case."  Williams, 715 F.2d at 1490.  Because "the issues of a mixed case are

tied together for resolution at the same time," id. at 1489,[7] and because the Federal

Circuit does not have jurisdiction over appeals of mixed cases, see 5 U.S.C.

7703(b)(1), federal district court is the only forum in which a federal employee

may seek judicial review of a mixed case after a final order from the MSPB.  We

are further persuaded by the D.C. Circuit and the Eighth Circuit that it necessarily

follows from this statutory scheme that a federal employee who wants to preserve

both discrimination and non-discrimination claims after a final order from the

MSPB must do so by bringing all his related claims in federal district court.

Accordingly, an employee who chooses to appeal an adverse action to the Federal

Circuit waives his right to pursue not only any discrimination claims he raised

before the MSPB, but also any other discrimination claims arising out of the same

facts.

Although the district court has subject matter jurisdiction to consider

---

[7] We also agree that this holds true both in administrative proceedings and for the purposes of judicial review.  See id. at 1490.

11

Chappell's discrimination and termination claims,[8] we conclude that Chappell waived his right to proceed on his discrimination action in district court when he elected to appeal his termination claim to the Federal Circuit, rather than bringing his related discrimination and termination claims in one forum, as required. First, although the MSPB order stated explicitly that Chappell could pursue both claims only in district court, Chappell decided to appeal to the Federal Circuit, where he could only appeal the termination decision. In addition, despite the suggestion of the district court, he chose not to file a motion for leave to amend his district court action to add an appeal of the MSPB decision. Similarly, when he attempted to appeal his termination claims to the Federal Circuit, he submitted, through his attorney, a form stating that he did not plan to pursue related discrimination claims elsewhere. His attempts to alter that form despite instructions to the contrary cannot be countenanced. See Otiji, 47 F.Supp.2d at 7 ("To hold otherwise, especially where, as here, petitioner was represented by counsel, would be to encourage tactics 'designed to circumvent the Federal Circuit's effort to prevent

---

[8] Title VII gives the district court subject matter jurisdiction over federal employees' employment discrimination claims when administrative remedies have been exhausted. See 42 U.S.C. 2000e-16(c); Brown v. General Servs. Admin., 425 U.S. 820, 832-33 (1976). The district court also has jurisdiction to review a final order of the MSPB in a mixed case. See 5 U.S.C. §§ 7702-7703. No statutory provision strips the district court of subject matter jurisdiction in a mixed case like Chappell's. Although the federal district court had subject matter jurisdiction over all of Chappell's claims once the MSPB issued its final order, Chappell waived his right to file in that court by proceeding in the Federal Circuit.

12

litigants from seeking, in this area of review of government personnel decision, "two bites of the apple."'") (quoting Smith, 846 F.2d at 1524). Thus, Chappell had ample notice of the consequences of filing his appeal in the Federal Circuit and numerous opportunities to avoid those consequences.

This waiver applies even though Chappell contends he raised different discrimination claims before the MSPB and the district court. Chappell relies on an untenable distinction when he claims that he should be able to proceed with his discrimination claims in district court because the discrimination claims he brought before the MSPB were unrelated to those he brought in district court. As in McAdams, Chappell's "various administrative filings raised related issues" and "arose out of overlapping facts." 64 F.3d at 1142-43. Before the MSPB, Chappell alleged that the DOL was acting out of discrimination and retaliation when it imposed the Performance Improvement Plan in January 2000. Before the district court, he raised claims referring to events ending in late 1999, including allegations that the DOL used unreasonable performance standards and failed to provide Chappell with the training and staff he needed to perform his job. All of these complaints related to Chappell's work environment and ability to do his job, including the conditions leading up to his termination. Indeed, Chappell's 2000 performance review and termination are more accurately seen as the culmination of

13

his years of conflict with the DOL over his work conditions, rather than as entirely separate issues.

We therefore conclude that all of Chappell's discrimination claims were related to his termination claims, and could have been brought before the MSPB as mixed claims. Because all of these claims could have been brought together, they should have been brought together – before the district court, if not before the MSPB. See Williams, 715 F.2d at 1490 (citing with approval the description of adverse action claims and discrimination claims in mixed cases as "two sides of the same question [that] must be considered together"). Chappell's decision not to bring these claims together in district court when he had the opportunity to do so constitutes a waiver of the right to pursue his discrimination claims now. Accordingly, summary judgment in favor of the DOL is

AFFIRMED