[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

_____

No. 10-11217

_____

D.C. Docket No. 8:04-cv-01162-JDW-TBM

WALTER KOZAK,
d.b.a. Gunny's Intrastate Travel and Tours,

Plaintiff - Appellant,

versus

HILLSBOROUGH COUNTY, FLORIDA,
a political subdivision of the State of Florida, et al.,

Defendants,

HILLSBOROUGH COUNTY PUBLIC TRANSPORTATION COMMISSION,
an Independent Special District of the State of Florida,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 30, 2011)

Before TJOFLAT, CARNES and HILL, Circuit Judges.

CARNES, Circuit Judge:

Walter Kozak owns and operates Gunny's Interstate Travel and Tours, a flat-rate ground transportation service operating in Hillsborough County, Florida that transports passengers and their luggage. He provides that service using a 15-passenger vehicle and a 7-passenger minivan. Florida law authorizes the Hillsborough County Public Transportation Commission to regulate transportation services in the area where Kozak operates, see 2001 Fla. Laws 299, and it has adopted regulations exercising that authority. Under the Commission's regulations, in order for Kozak to pick up passengers in Hillsborough County using either of his two vehicles he must first obtain a certificate and a permit for each vehicle from the Commission. Kozak has not obtained either one for either of his vehicles.[1]

Kozak filed a lawsuit seeking declaratory and injunctive relief, claiming that the Commission's regulations requiring him to obtain certificates and permits for his vehicles were preempted by 49 U.S.C. § 14501, also known as the

[1] In its opinion the district court provided an in-depth discussion of the facts. See Kozak v. Hillsborough Pub. Transp. Comm'n, 695 F. Supp. 2d 1285, 1289–94 (M.D. Fla. 2010). Neither party has suggested that those factfindings are erroneous, and we adopt them for purposes of our decision. See id. at 1289–93.

Transportation Equity Act for the 21st Century.  Specifically, Kozak contended

that 49 U.S.C. § 14501(a)(1)(C) preempts the Commission's regulation regarding

his 15-passenger vehicle and that 49 U.S.C. § 14501(c)(1) preempts the

Commission's regulation regarding his 7-passenger minivan.  Rejecting both of

those contentions, the district court granted the Commission's motion for summary

judgment.  Kozak v. Hillsborough Pub. Transp. Comm'n, 695 F. Supp. 2d 1285,

1303 (M.D. Fla. 2010).  Kozak appealed pro se.

I.

Kozak's first argument here, as in the district court, is that the

Commission's regulation requiring him to obtain a certificate and permit for his

15-passenger vehicle is expressly pre-empted by 49 U.S.C. § 14501(a)(1)(C).

Section 14501(a)(1)(C) states:

(a) Motor carriers of passengers.--

(1) Limitation on State law.--No State or political subdivision thereof
and no interstate agency or other political agency of 2 or more States
shall enact or enforce any law, rule, regulation, standard, or other
provision having the force and effect of law relating to--

* * *

(C) the authority to provide intrastate or interstate charter bus
transportation.

§ 14501(a)(1)(C).  We affirm the district court's decision rejecting this argument

for the reasons set out in its opinion, see Kozak, 695 F. Supp. 2d at 1296–1301, that part of which we adopt.

## II.

Kozak also argues here, as in the district court, that in light of the Commission's regulation prohibiting him from operating his 7-passenger minivan without a certificate and permit, its luxury service transportation rule that prevents him from obtaining the required certificate and permit for his 7-passenger minivan, is expressly preempted by 49 U.S.C. § 14501(c)(1).  Section 14501(c)(1) states:

> (c) Motor carriers of property.--
>
> (1) General rule.--Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property.

§ 14501(c)(1) (emphasis added).  The district court found that the Commission's rule was not preempted because that rule does not significantly impact the rates, routes, or services with respect to property.  Kozak, 695 F. Supp. 2d at 1302–03. We affirm the district court's decision about this regulation and rule, but we do so for a different reason.  See Chappell v. Chao, 388 F.3d 1373, 1376–77 (11th Cir. 2004) ("We may affirm the district court's decision for reasons different than those

4

stated by the district court.").

The definitions section for 49 U.S.C. § 14501 is contained in § 13102, which defines "[m]otor carrier" as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). Kozak does not dispute that he is a "[m]otor carrier." See id. The term "[m]otor carriers of property" is not defined in the statute. See 49 U.S.C. § 13102. Kozak argues that he is one. He admits, however, that he "never transports property by itself"; and he plainly falls under § 14501(a), which applies to "[m]otor carriers of passengers." Even so, Kozak argues that he is also a motor carrier of property when he transports passengers using his minivan because, as an "ancillary service" (his term), he also transports his passengers' property.

If we were to accept Kozak's argument, every "[m]otor carrier" would be a "[m]otor carrier of property," because motor carriers transporting passengers would, at the same time, be transporting property, unless all of the passengers were unclothed and had no bags, purses, glasses, cell phones, or other property with them. Absent that barely imaginable circumstance, any time any vehicle transports any passengers it is also transporting as an "ancillary service" some of their property. For that reason, Kozak's strained interpretation of the term "motor carrier of property" would render the statutory words "of property" superfluous.

5

See Dole Food Co. v. Patrickson, 538 U.S. 468, 476–77 (2003) ("[W]e should not construe the statute in a manner that is strained and, at the same time, would render a statutory term superfluous."); see also Corley v. United States, ___ U.S. ___, 129 S.Ct. 1558, 1566 (2009) ("[O]ne of the most basic interpretive canons [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant" and "[t]he fundamental problem with [a specific] reading of [a statute] is that it renders [part of that statute] nonsensical and superfluous." (quotation marks, alterations, and citations omitted)). If we were to read the statutory term "[m]otor carriers of property" to include all "[m]otor carriers of passengers," we would undo the difference in treatment that the statute provides for "[m]otor carriers of passengers" in § 14501(a) and for "[m]otor carriers of property" in § 14501(c), thereby undermining the whole point of different statutory terms and subdivisions. See Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1173 (11th Cir. 2003) ("Every statute must be viewed in its entirety so that each part has a sensible and intelligent effect harmonious with the whole." (quotation marks omitted)).

For these reasons, we conclude that because Kozak transports property only as an ancillary service to the transportation of passengers he is not a "[m]otor carrier of property" under § 14501(c). It follows that the provision and its

6

subparts do not preempt the Hillsborough County Public Transportation Commission's luxury service transportation rule. The district court correctly granted summary judgment to the Commission.

**AFFIRMED.**