[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11053
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00295-HES-JRK


ANTHONY T. LEE,

Plaintiff-Appellant,

versus

USA, et al.,

Defendants,

SECRETARY OF THE ARMY,
United States Army Corp of Engineers,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 18, 2013)

Before PRYOR, MARTIN and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Anthony Lee, proceeding *pro se*, appeals from the district court's judgment of dismissal for lack of subject matter jurisdiction of his employment discrimination case, brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and 42 U.S.C. § 1981.  Lee filed several complaints with the Equal Employment Office ("EEO") of the U.S. Army Corps of Engineers ("Corps"), alleging that the Corps had discriminated against him on the basis of race and age and as reprisal for his whistleblowing activity and EEO complaints. Lee initially filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") containing those same claims, but the EEOC dismissed that complaint when Lee requested a right to sue letter.  The EEOC sent the claims back to the Corps's EEO to issue a final agency decision, and, when the EEO ruled against him, Lee filed the instant suit in federal district court.  When the Corps subsequently terminated Lee's employment, he appealed his termination to the Merit Systems Protection Board ("MSPB"), alleging that he was terminated in retaliation for whistleblowing activity and filing EEO complaints.  The MSPB's administrative judge determined that Lee's termination was proper and was not based on any whistleblowing or EEO activity, and Lee unsuccessfully appealed that decision to the United States Court of Appeals for the Federal Circuit

2

("Federal Circuit").  The district court dismissed Lee's instant complaint, finding that it lacked subject matter jurisdiction over Lee's "mixed" claims of termination and discrimination because he had waived his right to appeal those "mixed" claims when he appealed to the Federal Circuit the MSPB's order upholding his termination.

On appeal, Lee's arguments are hard to follow, but he appears to contend that: (1) the Corps was responsible for creating a "mixed" case; (2) the district court did not litigate his claims of retaliation and hostile work environment; (3) he never pursued or elected to file a "mixed" case with the MSPB; and (4) the MSPB never had jurisdiction over his discrimination claim.  Lee claims that his EEOC complaint was a "pure" discrimination claim, and that his MSPB complaint was a "pure" premature-termination claim, and that those claims were not related or based on the same conduct.

We review a district court's order dismissing a complaint for lack of subject-matter jurisdiction *de novo*.  *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).  "We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below."  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

3

When a federal employee has been subject to an "adverse employment action," including a termination, a demotion, or a suspension, he is entitled to appeal that adverse action to the MSPB.  5 U.S.C. §§ 7512, 7513(d).  The MSPB does not have jurisdiction over discrimination claims that are not related to adverse actions, but it can entertain appeals in "mixed cases," where an employee alleges discrimination in relation to one of the specified adverse employment actions.  5 U.S.C. § 7702(a)(1)(B); 29 C.F.R. § 1614.302(a).  Specifically, for a case to qualify as a mixed case appeal, an employee must "allege[] that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information."  29 C.F.R. § 1614.302(a)(2).  When a federal employee has a Title VII claim that is not mixed with an adverse action within the MSPB's jurisdiction, he must file an initial complaint with his agency's EEO to pursue his claim.  *Chappell v. Chao*, 388 F.3d 1373, 1375 n.2 (11th Cir. 2004).  Once the employee has exhausted his administrative remedies, he may file a civil action in federal district court.  *Id.*; 42 U.S.C. § 2000e-5(f)(3).

When the MSPB issues a final decision in a mixed case, the employee is permitted to seek judicial review.  *Chappell*, 388 F.3d at 1375.  If the MSPB rejects an employee's claims in a mixed case, the employee may: (1) seek the EEOC's review of his discrimination claims; (2) file a civil action in federal

4

district court raising both his discrimination and termination claims; or (3) petition the Federal Circuit for review of the termination decision. 5 U.S.C. §§ 7702(b)(1), 7703(b)(1)-(2). The Federal Circuit does not have jurisdiction to hear discrimination appeals. *Chappell*, 388 F.3d at 1375. "Thus, according to the statutory scheme governing review of MSPB final orders, if a federal employee wants to pursue any type of discrimination claim on appeal, the employee must file a complaint in a federal district court, as the federal district court is the only forum in which an employee can appeal both parts of a mixed claim." *Id.* at 1375-76. We have concluded that "[t]he statutory scheme established by Congress for federal employees requires them either to combine their related employment discrimination and termination claims and pursue them in federal district court, or to appeal their termination claims to the Federal Circuit and waive any discrimination claims." *Id.* at 1374.

In *Chappell*, the plaintiff, an employee of the Department of Labor ("DOL"), filed several EEO complaints over a period of three years alleging discrimination based on his age and race, and retaliation for previously filing complaints with the EEO of the DOL. *Id.* Chappell was placed on a Performance Improvement Plan ("PIP") in January 2000, and was terminated in July 2000 for failure to comply with the PIP. *Id.* While his EEOC discrimination claims were still pending, he separately appealed the termination decision to the MSPB, which

5

had jurisdiction over his "mixed case" of discrimination and termination claims. *Id.* at 1375. Prior to the MSPB entering its findings, the EEOC found that Chappell had failed to present an adequate showing for his discrimination claims. *Id.* Chappell then filed a lawsuit in the Northern District of Georgia in August 2001. *Id.* In September 2001, the MSPB upheld Chappell's termination from the DOL. *Id.* The MSPB outlined Chappell's remaining avenues of relief for him, which included (1) seeking EEOC review of his discrimination claims, (2) filing a civil action on both his discrimination and termination claims, or (3) requesting review by the Federal Circuit of his termination decision. *Id.* Chappell opted to appeal the MSPB decision regarding his termination to the Federal Circuit. *Id.* at 1376. While Chappell's appeal in the Federal Circuit was pending, he attempted to amend his discrimination lawsuit filed in the Northern District of Georgia to include his termination claims, which the district court rejected because he had failed to file a motion for leave to amend. *Id.* After the Federal Circuit dismissed Chappell's termination appeal on the merits, the DOL moved the district court for summary judgment, arguing that the discrimination claims were related to events already litigated in the Federal Circuit. *Id.* The district court granted summary judgment, finding that it lacked subject matter jurisdiction. *Id.*

On appeal, we upheld the grant of summary judgment in favor of the DOL, explaining that the district court had subject matter jurisdiction over Chappell's

discrimination and termination claims, but that Chappell had waived his right to bring the discrimination action in the district court by electing to appeal his termination claim to the Federal Circuit. *Id.* at 1378 & n.8. We considered "the language, legislative history, and underlying policies" of the statutes in question and held that "a federal employee who wants to preserve both discrimination and non-discrimination claims after a final order from the MSPB *must* do so by bringing all his related claims in federal district court." *Id.* at 1378. Therefore, if the federal employee appeals a decision to the Federal Circuit, he "waives his right to pursue not only any discrimination claims he raised before the MSPB, but also any other discrimination claims arising out of the same facts." *Id.* Thus, by appealing his termination claim to the Federal Circuit, rather than bringing his discrimination and related termination claims in the district court, Chappell waived his right to bring the claims before the district court. *Id.* at 1378-79. We noted that Chappell had "ample notice" of the consequences of filing his appeal in the Federal Circuit and that he had "numerous opportunities to avoid those consequences." *Id.* (noting that the MSPB order explicitly stated that both claims could only be pursued in a district court, that the district court had provided him the opportunity to move for leave to amend his complaint to include an appeal of the MSPB termination decision, and that Chappell had informed the Federal Circuit that he did not plan on pursuing his discrimination claims elsewhere). We also concluded

7

that, despite Chappell's arguments that his discrimination claims before the MSPB and the district court were different, "Chappell's various administrative filings raised related issues and arose out of overlapping facts." *Id.* at 1379 (internal quotation marks omitted) ("All of these complaints related to Chappell's work environment and ability to do his job, including the conditions leading up to his termination.").

Because Lee appealed the MSPB's adverse decision on his termination claim to the Federal Circuit, which disposed of it, and his discrimination and termination claims were based on the same facts, we conclude that Lee waived his right to bring this suit in federal district court. The district court correctly dismissed Lee's complaint, although it incorrectly determined it lacked subject matter jurisdiction over the case.

**AFFIRMED.**