[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17079
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00121-MCR-EMT


JAMES R. WELCOME,

Plaintiff-Appellant,

versus

RAYMOND E. MABUS,
Secretary of the Navy,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 7, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM , Circuit Judges.

PER CURIAM:

James Welcome appeals the District Court's grant of the Secretary of the Navy's motion to dismiss, or, in the alternative, for summary judgment, in his lawsuit under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).  Welcome argues that the district court erred when it dismissed his complaint on the ground that he had waived all of his claims by pursuing an appeal of those claims to the Federal Circuit Court of Appeals after the Merit Systems Protection Board ("MSPB") entered an unfavorable ruling.

We review *de novo* a district court's order granting a motion to dismiss. *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004).

If a civil service employee is removed from his position,  the employee may appeal the removal to the MSPB.  5 U.S.C. §§ 7512, 7513(d).  When the employee appeals the removal to the MSPB and asserts that it was based totally or partially on race discrimination, he has brought a "mixed case."  *See* 29 C.F.R. § 1614.302(a).  If the employee asserts a mixed claim before the MSPB and receives an adverse ruling, one of the employee's options is to seek judicial review of the MSPB's decision, through either the Federal Circuit Court of Appeals or the federal district court.  *See* 5 U.S.C. § 7703(a)(1), (b)(1); *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004).

If the employee chooses to appeal the personnel claims to the Court of Appeals, he abandons his discrimination claims because that Court lacks jurisdiction to hear such claims. *See* 5 U.S.C. § 7703; *Chappell*, 388 F.3d at 1374. Thus, if the employee wants to pursue any type of discrimination claim on appeal, he must file a complaint in a United States District Court, as a district court is the only forum in which an employee can seek review of both parts of a mixed claim. *Chappell*, 388 F.3d at 1375–76. In short, in appealing the MSPB decision to the Federal Circuit Court of Appeals, he waives his right to pursue in that Court not only any discrimination claims he raised before the MSPB, but any other discrimination claims arising out of the same facts as well. *Id.* at 1378.

After receiving unfavorable decisions from the MSPB, Welcome chose to pursue an appeal in the Federal Circuit, which lacked jurisdiction over his discrimination claims. He thereby waived his right to appeal any discrimination claims he raised before the MSPB. *See Chappell*, 388 F.3d at 1375–76, 1378. All of the claims he raised in the instant case before the District Court were either directly raised before the MSPB, or were based on the facts that gave rise to the claims he presented to the MSPB. Therefore, the District Court correctly determined that he had waived all claims and dismissed his lawsuit.

AFFIRMED.