[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13834
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-23237-MGC

ROBERT JOSEPH SARHAN,

Plaintiff-Appellant,

versus

DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2017)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert Sarhan, proceeding *pro se*, is a former federal employee who was terminated by the Federal Bureau of Prisons ("BOP") in 2007.  Since that time,

Sarhan has twice appealed his termination to the Merits Systems Protection Board ("MSPB" or "Board"), which first affirmed his termination and then dismissed his appeal as barred by *res judicata*. After each proceeding before the MSPB, Sarhan appealed to the United States Court of Appeals for the Federal Circuit, which affirmed the final decisions of the MSPB. In 2014 he filed the present complaint in federal district court, alleging that he had been discriminated and retaliated against because of his Arab ethnicity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), among other statutes. The district court dismissed his complaint with prejudice on two main grounds. The court determined that he had waived his discrimination claims by appealing his termination to the Federal Circuit and that the action was barred by the doctrine of *res judicata*. After careful review, we affirm.

## I.

Sarhan worked as a physician assistant for the BOP from 1994 until June 2007, when the BOP terminated his employment. He appealed his termination to the MSPB. After holding a hearing, an administrative law judge ("ALJ") issued an initial decision sustaining Sarhan's termination. Sarhan appealed the ALJ's decision to the full MSPB, which adopted the ALJ's decision as final. He then sought judicial review from the Federal Circuit, which affirmed the Board's decision. *Sarhan v. Dep't of Justice*, 325 Fed. App'x 914 (Fed. Cir. 2009).

2

After his termination was upheld by the Federal Circuit, Sarhan filed a complaint of discrimination with the equal employment opportunity ("EEO") office of the U.S. Department of Justice.  He alleged that the BOP's decision to terminate his employment was discriminatory and that his prior MSPB proceedings were improperly conducted.  The EEO office dismissed his complaint in September 2009 because he had elected to appeal his termination to the MSPB.  The EEO office advised that he could appeal its decision to the Equal Employment Opportunity Commission ("EEOC") or file a civil action under Title VII in federal district court.

Sarhan took no action until May 2013, when he petitioned the MSPB to reopen his case and reconsider its prior decision.  Sarhan alleged fraud and other procedural irregularities in the proceedings upholding his termination.  The Board denied his request.  Then, in July 2013, Sarhan filed another appeal with the MSPB for review of his termination, again raising his allegations of fraud, perjury, and concealment of evidence.  After allowing the parties to respond to an order to show cause why the appeal was not barred by the doctrine of *res judicata,* the ALJ issued an initial decision dismissing Sarhan's appeal.

Sarhan appealed the ALJ's decision to the full MSPB, which issued a final decision affirming the ALJ in July 2014.  The Board noted that, under the banner of "fraud," Sarhan had presented myriad allegations, including that the agency

3

discriminated against him based on his Arab ancestry; the investigation into his misconduct was initiated based on the allegations of his former wife, who suffered from mental illness; the agency hid relevant documents within its discovery production, including an email from his former wife; the deciding official orchestrated his removal and committed perjury; the deciding official denied him due process by failing to consider his response to the notice of proposed removal; the agency failed to establish its charges; and another employee was treated more favorably than he. The Board found that most of these allegations related to the merits of the removal action and either were or could have been raised in the earlier proceedings. As for the allegations of perjury and concealment of evidence, the Board found that, even assuming they were true, they did not constitute fraud sufficient to defeat the application of *res judicata* because they did not substantially change the posture of the case. Thus, the Board found that Sarhan's appeal was barred by *res judicata*.

In its final decision, the Board advised Sarhan of his rights to further review. The Board noted that, because Sarhan had alleged discrimination, he could request review of the decision on his discrimination claims either by submitting a request with the EEOC or by filing a civil action in an appropriate federal district court for review of both his discrimination claims and his other claims.

Sarhan appealed the MSPB's decision to the Federal Circuit, which affirmed in April 2015. *See Sarhan v. Dep't of Justice*, 610 Fed. App'x 985 (Fed. Cir. 2015). In its opinion, the Federal Circuit specifically rejected Sarhan's argument that *res judicata* did not apply because the final decision sustaining his removal was tainted by fraud. *See id.* at 987. The Federal Circuit found that "many of [his] allegations go to the merits of the Bureau's removal action, and either were raised or could have been raised in the prior proceeding." *Id.* The court also concluded that Sarhan's allegations of fraud "did not substantially change the posture of the case and thus did not provide a basis for reversing the initial decision." *Id.*

Meanwhile, Sarhan sued the BOP in federal district court in September 2014, which is the lawsuit at issue in this appeal. He alleged national origin discrimination, race discrimination, harassment, and retaliation under both Title VII and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*, wrongful termination in violation of public policy, violations of California's Fair Employment and Housing Act, Cal. Gov. Code § 12900, *et seq.*, and defamation. Sarhan also broadly challenged the propriety of his termination, restating his allegations of fraud, perjury, and other procedural irregularities.

The district court granted the BOP's motion to dismiss. The court first concluded that Sarhan waived his current discrimination claims when, after the MSPB issued its final decision upholding his termination in 2009, he chose to

appeal to the Federal Circuit instead of bringing an action in federal district court raising both discrimination and non-discrimination claims. Second, and alternatively, the court found that the doctrine of *res judicata* precluded Sarhan from relitigating claims surrounding his termination from the BOP. Finally, the court found that Sarhan's remaining claims—for violations of the California Fair Employment and Housing Act and the Florida Civil Rights Act and for defamation—failed either because they were preempted by Title VII or barred by the Federal Tort Claims Act. Sarhan now appeals.

## II.

We review *de novo* a district court's order granting a motion to dismiss. *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004). Likewise, we review *de novo* the district court's application of the doctrine of *res judicata*. *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

We liberally construe the filings of *pro se* parties, but we may not act as "*de facto* counsel." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Issues not briefed on appeal, even by *pro se* litigants, are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

When a federal employee is subject to a certain serious adverse employment action, such as removal or suspension, he is entitled to appeal to the MSPB under

the Civil Service Reform Act of 1978 ("CSRA").  *See* 5 U.S.C. §§ 7701, 7512, 7513(d).  In appealing to the MSPB, the employee may "present a civil-service claim only"—a claim that the agency had insufficient cause for taking the action under the CSRA—or a claim that the agency action was taken, in whole or in part, because of discrimination prohibited by another federal statute, such as Title VII. *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1980 (2017).

When an employee appeals his removal from federal employment to the MSPB and asserts that the removal was based totally or partially on discrimination, he has brought a "mixed case" appeal.[1]  *Id.*; *see* 5 U.S.C. § 7702(a)(1); 29 C.F.R. § 1614.302(a).  If the MSPB upholds the personnel action, the employee may request additional administrative process, with the EEOC, or he may seek judicial review. *Kloeckner v. Solis*, 568 U.S. 41, 45 (2012).

Judicial review of MSPB decisions is governed by § 7703.  As a general rule, judicial review of MSPB decisions is available by filing a petition for review with the United States Court of Appeals for the Federal Circuit.  5 U.S.C. § 7703(b)(1).   But an exception applies in any mixed case involving discrimination.  *See* 5 U.S.C. § 7703(b)(2).  Cases involving discrimination must be filed in federal district court.  *Kloeckner*, 568 U.S. at 49–50; *Chappell v. Chao*,

---

[1]  Alternatively, a federal employee who believes that her removal was motivated in whole or in part by discrimination may first file a discrimination complaint (a "mixed case complaint") with the agency itself in the agency's EEO office.  *Perry*, 137 S. Ct. at 1980.  If the EEO office decides against the employee, she may then either appeal to the MSPB or bypass further administrative review and sue the agency in federal district court.  *Id.*

388 F.3d 1373, 1378 (11th Cir. 2004) ("[F]ederal district court is the only forum in which a federal employee may seek judicial review of a mixed case after a final order from the MSPB.")   District courts have jurisdiction to consider both discrimination claims and civil-service claims when brought jointly in a civil action under § 7703(b)(2).  *See Chappell*, 388 F.3d at 1378.

The employee's choice of forum for judicial review is significant.  "[T]he language, legislative history, and underlying policies of 5 U.S.C. § 7702 indicate that Congress did not direct or contemplate bifurcated review of any mixed case." *Id.* (internal quotation marks omitted).  If the employee seeks judicial review from the Federal Circuit, he "waives his right to pursue not only any discrimination claims he raised before the MSPB, but also any other discrimination claims arising out of the same facts." *Id.*  Therefore, a federal employee who wishes "to preserve both discrimination and non-discrimination claims after a final order from the MSPB *must* do so by bringing all his related claims in federal district court." *Id.* (emphasis in original).

Here, the district court properly concluded that Sarhan waived his discrimination claims relating to his termination when he appealed the MSPB's final decision upholding his termination to the Federal Circuit.  "[A]ll of [Sarhan's] discrimination claims were related to his termination claims, and could have been brought before the MSPB as mixed claims.  Because all of these claims could have

8

been brought together, they should have been brought together—before the district court, if not before the MSPB." *Id.* at 1379. But Sarhan instead sought judicial review of the MSPB's decision from the Federal Circuit, and, by doing so, he "waive[d] his right to pursue . . . any . . . discrimination claims arising out of the same facts." *Id.* at 1378.

To the extent Sarhan raises independent claims of discrimination relating to the second round of proceedings before the MSPB—though it does not appear that he does—again, he waived such claims when he appealed the MSPB's final July 2014 decision to the Federal Circuit, which affirmed in April 2015. Accordingly, Sarhan waived his right to pursue any of the discrimination claims he brought in federal district court.

## IV.

Liberally construing his complaint, Sarhan also challenges his termination on civil-service grounds. Indeed, that is the focus of his briefing to this Court on appeal. Because he elected to pursue judicial review of the MSPB's decisions with the Federal Circuit both in 2009 and 2014, however, it does not appear that he can obtain judicial review in federal district court also. *See Chappell*, 388 F.3d at 1378. As we outlined in *Chappell*, the CSRA does not contemplate that a federal employee could obtain judicial review of the same decision in multiple fora.

9

But even if Sarhan has not waived his right to judicial review by appealing the MSPB's decision to the Federal Circuit, such review is limited to the MSPB's July 2014 decision, which was the basis for Sarhan's lawsuit in federal district court.[2]  *See* 5 U.S.C. § 7703(b)(2); Doc. 1 at 15 ¶ 40.  In its July 2014 decision, the MSPB found that Sarhan's second appeal of his termination was barred by the doctrine of *res judicata* notwithstanding his allegations of fraud, concealment of evidence, perjury, and other procedural improprieties.

The doctrine of *res judicata* bars a subsequent suit on the same cause of action when four elements are present: (1) the prior decision was rendered by a forum of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action.  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).  Prior and present causes of action are the same if they arise out of the same nucleus of operative fact or are based upon the same factual predicate.  *See id.* at 1296–97.  If the claim in the new suit was or could have been raised in the prior action, *res judicata* applies to bar the subsequent suit.  *Id.* at 1296.

---

[2]  As we see it, there is no jurisdictional bar to considering Sarhan's complaint regarding the July 2014 decision.  Because Sarhan sought review of a final decision of the MSPB in a mixed case, the district court had subject-matter jurisdiction to consider both discrimination and terminations claims.  *See Chappell*, 388 F.3d at 1378 & n.8; 5 U.S.C. §§ 7702–7703.  That Sarhan may have waived his rights to pursue these claims in federal district court does not deprive the court of subject-matter jurisdiction.  *See Chappell*, 388 F.3d at 1378 n.8.

As a general matter, *res judicata* applies where an administrative agency has acted in a judicial capacity and has resolved disputed factual issues that the parties have had an opportunity to litigate. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991). The MSPB applies *res judicata* when the criteria set forth above are satisfied. *See Peartree v. U.S. Postal Serv.*, 66 M.S.P.B. 332, 337 (1995). However, according to the MSPB, "[o]ne exception to the doctrine of res judicata . . . allows reopening as a matter of discretion where the earlier decision was obtained by fraud, concealment, or misrepresentation by a party." *See Anderson v. Dep't of Transp., F.A.A.*, 46 M.S.P.B. 341, 349 (1990).

Here, *res judicata* applies. The 2009 decision by the MSPB was a final decision by a forum of competent jurisdiction acting in a judicial capacity, and Sarhan's subsequent appeal of his termination to the MPSB involved the same parties and arose out of the same factual predicate. *See Peartree*, 66 M.S.P.B. at 337. Sarhan does not dispute that the general elements of *res judicata* are met. Instead, he maintains that *res judicata* does not apply because of fraud, concealment of evidence, procedural-due-process violations, and prohibited personnel practices under the CSRA.

However, in affirming the MSPB's July 2014 decision, the Federal Circuit rejected the arguments Sarhan presents here. And, upon review of the Board's July 2014 decision, the Federal Circuit's affirmance, and Sarhan's briefs on appeal, we

11

see no reason to reach a different result.  As the Federal Circuit explained, many of Sarhan's assertions and arguments go the merits of the BOP's removal decision, and either were or could have been raised in the initial proceeding upholding his termination.    Moreover, Sarhan's allegations of concealment of evidence and perjury do not call into question the integrity of the prior proceeding.  In fact, the ALJ relied in large part on Sarhan's own testimony in sustaining the charges against him.  Sarhan has not explained how the alleged perjury or the allegedly concealed evidence would have changed the outcome of the prior proceeding. Accordingly, Sarhan has not shown the MSRP improperly applied *res judicata* to bar the second appeal of his termination or that the district court erred by failing to "void the judgment of the administrative courts."

Finally, Sarhan does not address the district court's determinations that his state-law discrimination claims were preempted by Title VII, *see Canino v. U.S. Equal Emp. Opportunity Comm'n*, 707 F.2d 468, 472 (11th Cir. 1983) ("[A] federal employee's exclusive judicial remedy for alleged employment discrimination lies with . . . Title VII."), or that his defamation claim was not cognizable under the Federal Tort Claims Act, *see* 28 U.S.C. § 2680(h) (providing that the United States and its agencies are immune from suits "arising out of . . . libel, slander, [or] misrepresentation").  Accordingly, he has abandoned these issues. *See Timson*, 518 F.3d at 874.

For the reasons stated, we **AFFIRM** the dismissal of Sarhan's complaint.