[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12339
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03950-RLV

PATRICIA A. BRADY,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL, US POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 11, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Patricia Brady, proceeding *pro se*, appeals from the district court's dismissal of her complaint alleging race and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16; age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633a(a); and disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  The district court dismissed her complaint for failure to exhaust her administrative remedies, as required by 29 C.F.R. § 1614.105(a)(1).  On appeal, Brady argues that she timely filed a "mixed case" appeal to the Merit Systems Protection Board ("MSPB"), and therefore, her appeal to the MSPB operated, for exhaustion purposes, as her initial contact with an Equal Employment Opportunity Commission ("EEOC") counselor.

Upon careful review of the record and consideration of the parties' briefs, we affirm.

We review *de novo* a district court's order granting a motion to dismiss. *See McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004).  We also review *de novo* questions of subject matter jurisdiction.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).  The district court's findings of jurisdictional facts are reviewed for clear error.  *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).  Under clear error review, the district court's determination must be affirmed so long as it is plausible in light of

2

the record viewed in its entirety. *Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp., Inc.*, 575 F.3d 1180, 1186 (11th Cir. 2009).

When considering a motion to dismiss, the district court limits its consideration to the pleadings and any exhibits attached thereto. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005). In addition, a court must consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007).

When matters outside the pleadings are presented to and not excluded by the district court in a Federal Rule of Civil Procedure Rule 12(b)(6) motion, the motion must be treated as one for summary judgment under Rule 56, and parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d). However, a district court may consider a document attached to a motion to dismiss without converting the motion into a motion for summary judgment if (1) the document is central to plaintiff's claim, and (2) its authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Moreover, when considering a Rule 12(b) motion to dismiss for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes as long as the factual

3

disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII, ADA, or ADEA action.  *See Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008); 29 C.F.R. § 1614.105(a)(1).  To exhaust her remedies, a federal employee "must initiate contact with [an EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory, or . . . within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).  "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies."  *Shiver*, 549 F.3d at 1344.

A federal employee who alleges employment discrimination related to or stemming from an "an appealable agency action," *i.e.*, an action that can be appealed to the MSPB, presents a "mixed case appeal."  29 C.F.R. § 1614.302(a)(2).  The date on which the employee files her mixed case appeal with the MSPB is deemed to be the date of initial contact with an EEOC counselor. *Id.* § 1641.302(b).  In a mixed case appeal, the final decision from the MSPB exhausts an employee's administrative remedies and allows her to seek judicial review.  *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004).  However, federal employees with discrimination claims that are not mixed with an adverse

4

action within the MSPB's jurisdiction must pursue their claims through the EEOC process. *Id.* at 1375 n.2. The MSPB only has jurisdiction over certain "preference eligible employees" of the USPS. *See* 5 U.S.C. §§ 7511(a)(1)(B), 7513(d), 7701(a); 5 C.F.R. § 1201.3(a). "Preference eligible" employees include, *inter alia*, "the unmarried widow or widower of a veteran." 5 U.S.C. § 2108(3)(D).

Here, the district court did not err in dismissing Brady's complaint. The court was permitted to consider facts outside of the pleadings and to resolve factual disputes in ruling on the motion to dismiss for failure to exhaust administrative remedies, and its conclusion that Brady was not a preference eligible employee and that this was not a "mixed case appeal" is supported by the record. *See Bryant*, 530 F.3d at 1376; *Commodity Futures Trading Comm'n*, 575 F.3d at 1186. Therefore, the court did not clearly err in concluding that Brady's appeal to the MSPB did not operate as her first contact with the EEOC.

Brady's appeal was not a "mixed case appeal," and she was required to pursue her claims through the EEOC process and contact an EEOC counselor within 45 days of the effective date of the action alleged to be discriminatory. *See* 29 C.F.R. § 1614.105(a)(1). The effective date of Brady's termination was November 15, 2003, and Brady did not contact an EEOC counselor until March 8, 2006, long after the 45-day charging period. Accordingly, the district court did not

err in concluding that Brady's complaint was barred for failure to exhaust her administrative remedies.  *See Shiver*, 549 F.3d at 1344.

AFFIRMED.